# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**BRANDON JOHNSON**                                                      **PLAINTIFF**

**v.**                                   **No. 5:12-cv-70-DPM**

**AINSWORTH PET NUTRITION INC.**                          **DEFENDANT**

## ORDER

The Court grants the parties' joint motion for a protective order, *Document No. 9*. FED. R. CIV. P. 26(c). The terms of the parties' agreed protective order are as follows:

1.    The Protective Order shall govern all medical records of the Plaintiff as well as employees, current and former, of Defendant Ainsworth which are deemed to be "Confidential Information." Such records shall include the following:

     a.    Any documents or medical or health-related information from the personnel, medical or workers' compensation file of any current or former employee of any Ainsworth;

     b.    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as an exhibit(s).

2.  In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the word "CONFIDENTIAL" on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  The Parties will use their best efforts to limit the number of documents designated Confidential.

3.  Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

4.  Qualified recipients shall include only the following:

    a.  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    b.  Deposition notaries and staff;

-2-

c.   Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

d.   Deponents during the course of their depositions or potential witnesses of this case; and

e.   The Parties to this litigation, their officers and professional employees.

5.   Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

6.   Persons to whom confidential information is shown shall be informed of the terms of this Protective Order and advised that its breach may be punished or sanctioned as contempt of the Court. Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said

Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

7. If one of the Parties objects to the claims that information should be deemed Confidential, that Party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the Parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the Parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

9.     All Confidential Information produced in this action shall be used only for purposes of this litigation and not for any other purpose.

10.    The termination of this action shall not relieve the parties and person obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Protective Order.

11.    Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

12.    Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

13.   Nothing in the Protective Order shall be deemed to preclude any

party from seeking and obtaining, on an appropriate showing, a

modification of this Protective Order.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

*18 May 2012*